■ SLAVENBURG CORPORATION, Respondent, v BABY DOLL INFANTS WEAR CO., INC., et al., Defendants, and SILVER FABRICS CORP. et al., Appellants.—Order, Supreme Court, New York County (Myriam Altman, J.), entered February 19, 1991, which denied defendants-appellants' motion to dismiss the complaint as against them pursuant to CPLR 3211 (a) (7) and 3016 (b), unanimously affirmed, with costs.

The complaint alleges a fraudulent scheme whereby fictitious invoices were submitted to plaintiff, a factor, for goods that did not exist. The "customers" allegedly advanced this fraud by submitting their checks to Delta, plaintiff's client and the principal wrongdoer in the alleged fraud, in "payment" for the nonexistent goods, receiving repayment from Delta after plaintiff had advanced funds based on the fictitious invoices. A second scheme is alleged, also whereby post-dated checks were assigned to plaintiff on which payments were stopped once advances were received from plaintiff.

The offering of post-dated checks that were eventually dishonored cannot be said to be a transaction which was either innocent or normal, under the circumstances, such that no knowledge of the fraudulent scheme would be imparted. Indeed, the individual defendant admitted that he did eventually discover the alleged schemes, although he denied participating in them.

Nor does it appear that defendants were merely silent. If knowledge of the fraud can be established, the writing of the checks was clearly substantial assistance to the scheme so as to support a cause of action for aiding and abetting the fraud. Further, the record indicates that Delta did not merely render an inaccurate account to plaintiff, which it was contractually bound to provide *(Edwil Indus. v Stroba Instruments Corp.,*

131 AD2d 425), but that Delta engineered the participation of numerous parties, submitted false documents, and otherwise committed acts in furtherance of the scheme alleged in the complaint. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.